Robbie Malone
State Bar No. 12876450
Jacob C. Boswell
State Bar No. 24061269
Robbie Malone, PLLC
NorthPark Central, Suite 1850
8750 North Central Expressway
Dallas, Texas   75231
214.346.2625 (Direct Dial)
214.346.2631 (Fax)
rmalone@rmalonelaw.com

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ROSA HERNANDEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | **Case No.  5:10-CV-01051-OLG** |
| | § | |
| MICHAEL J. SCOTT, P.C., | § | |
| | § | |
| Defendant. | § | |
| | § | |

## DEFENDANT'S MOTION TO COMPEL DISCOVERY RESPONSES

COMES NOW, Defendant Michael J. Scott, P.C. (herein "Scott"), and files this Motion to Compel Discovery Responses, and would respectfully show to the Court as follows:

### I.

### FACTS

1.      This case began when Scott attempted to collect a debt Plaintiff owed Capital One Bank. On October 27, 2009, Jerome Lamet of Debt Counsel for Seniors and the Disabled ("DCSD")

sent Scott a letter saying that he represented Plaintiff "for the purpose of enforcing their rights pursuant to all applicable federal statutes."  He also asked that Scott cease and desist direct contact with Plaintiff.

2.      On October 10, 2010, Scott sent Plaintiff an amicable "Settlement Offer" in the mail – nearly one year after Lamet's letter.  On December 28, 2010, Plaintiff filed her Initial Petition alleging violations of the Fair Debt Collection Practices Act ("FDCPA").  Specifically, she claims Scott contacted her after it was informed Plaintiff had obtained counsel and after a cease and desist letter was sent.

3.      Scott sent Discovery Requests to Plaintiff and Plaintiff responded, objecting to the Requests below.  Scott now asks the Court to compel Plaintiff to respond to these Requests without objection.

## II.

## ARGUMENT AND AUTHORITIES

4.      The purpose of discovery is in part to help avoid judicial surprise, narrow the parties' theories of liability and defense, and give all parties full knowledge of the facts so they can prepare for trial. *See Brown Badgett, Inc. v. Jennings*, 842 F.2d 899, 902 (6th Cir. 1988); *O2 Micro Int'l v. Monolithic Power Sys.*, 467 F.3d 1355, 1365 (Fed. Cir. 2006); *Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce Fenner & Smith, Inc.*, 756 F.2d 230, 236 (2nd Cir. 1985).

**PLAINTIFF'S RESPONSES TO DEFENDANT'S REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 11:** Produce all documents reflecting attorneys' fees, costs, fee agreements, engagement letters, billing records and/or invoices, from the attorneys representing you in this case, for which you are seeking compensation.

**RESPONSE**: Objection.  Plaintiff's attorney's fees and costs are not at issue until Plaintiff prevails in this action.  As such, this request seeking the same is premature at this time.  Plaintiff

further objects to this request to the extent it seeks documents that may be subject to the attorney-client privilege and/or the work-product doctrine. Additionally, this Request seeks documents that are irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence. As such, Plaintiff will not be providing the requested documents at this time.

5.      Plaintiff has requested attorney's fees as the most significant portion of her damages. This has put attorney's fees, along with the fee agreements and billing records, at issue in this case, thereby making it relevant information. Plaintiff's request for attorney's fees as part of her damages makes this information reasonably calculated to lead to admissible evidence. It is also properly discoverable information regarding the interests and incentives of the parties involved. The documents contain necessary information in making proper settlement offers, as well as factual issues to which Scott is entitled. Scott should also be given an idea of what Plaintiff expects to collect if she prevails. It is Plaintiff's burden to prove that the attorney-client privilege she claims outweighs the relevancy of these documents. Plaintiff also "must show specifically" how the request is irrelevant or overly broad, which her response failed to do. *See Josephs v. Harris Corp.*, 677 F. 2d 985, 992 (3d Cir. 1982). Plaintiff should be compelled to produce these documents without objection.

**REQUEST FOR PRODUCTION NO. 19:** Produce all documents reflecting attorneys' fees, costs, fee agreements, engagement letters, billing records and/or invoices, from the attorneys representing you in state court lawsuit styled, "Cause No. 20428; LVNV Funding, LLC. vs. Rosa M. Hernandez."

**RESPONSE**: Plaintiff objects to this Request to the extent it seeks documents that may be subject to the attorney-client privilege and/or the work-product doctrine. Additionally, this Request seeks documents that are irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence. As such, Plaintiff will not be providing the requested documents at this time.

6.      Again, Plaintiff has requested attorney's fees as the most significant portion of her damages. This has put attorney's fees, along with the fee agreements and billing records, at issue in this case, thereby making it relevant information. Plaintiff's request for attorney's fees as part

of her damages makes this information reasonably calculated to lead to admissible evidence.  It is also properly discoverable information regarding the interests and incentives of the parties involved.

7.      The documents contain necessary information in making proper settlement offers, as well as factual issues to which Scott is entitled.  Scott should also be given an idea of what Plaintiff expects to collect if she prevails.  It is Plaintiff's burden to prove that the privileges she claims outweigh the relevancy of these documents.  Plaintiff also "must show specifically" how the request is irrelevant, which her response failed to do.  *See Josephs v. Harris Corp.*, 677 F. 2d 985, 992 (3d Cir. 1982).  Plaintiff should be compelled to produce these documents without objection.

**REQUEST FOR PRODUCTION NO. 20:** Produce all documents reflecting attorneys' fees, costs, fee agreements, engagement letters, billing records and/or invoices, from the attorneys representing you from Debt Counsel for Seniors & the Disabled (DCSD).

**RESPONSE**: Plaintiff objects to this Request to the extent it seeks documents that may be subject to the attorney-client privilege and/or the work-product doctrine.  Additionally, this Request seeks documents that are irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence.  As such, Plaintiff will not be providing the requested documents at this time.

8.      Plaintiff has alleged that DSCD and/or Jerome Lamet are her attorneys.  She alleges that MJS should not have contacted her based on that representation.  Plaintiff is not in fact represented by Lamet as to the debt.  Defendant is entitled to see documents Plaintiff alleges support that alleged representation.

9.      Plaintiff has requested attorney's fees as the most significant portion of her damages. This has put attorney's fees, along with the fee agreements and billing records, at issue in this case, thereby making it relevant information.  Plaintiff's request for attorney's fees as part of her damages makes this information reasonably calculated to lead to admissible evidence.  It is also

properly discoverable information regarding the interests and incentives of the parties involved. The documents contain necessary information in making proper settlement offers, as well as factual issues to which Scott is entitled.  Scott should also be given an idea of what Plaintiff expects to collect if she prevails.  It is Plaintiff's burden to prove that the attorney-client privilege she claims outweighs the relevancy of these documents.  Plaintiff also "must show specifically" how the request is irrelevant or overly broad, which her response failed to do.  *See Josephs v. Harris Corp.*, 677 F. 2d 985, 992 (3d Cir. 1982).  Plaintiff should be compelled to produce these documents without objection.

**REQUEST FOR PRODUCTION NO. 21:** Produce copies of all documents in your possession from all present and former doctors seen within the last five (5) years.

**RESPONSE**: This Request seeks documents that are irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence.  As such, Plaintiff will not be providing the requested documents at this time.

10.     Plaintiff's treatment in connection with any alleged stress or mental anguish makes up her entire claim for actual damages, making this information directly relevant to the costs she hopes to recover from Scott.  Plaintiff also hopes to recover mental anguish damages as a significant portion of her total damages.  Scott needs this information to make settlement offers. Scott should be given an idea of what Plaintiff hopes to recover if she prevails.  It is also properly discoverable information regarding the interests and incentives of the parties involved. Plaintiff's response is a "failure to adequately answer interrogatories," a practice warned against by the courts.  *See Denton v. Mr. Swiss of Mo., Inc.*, 564 F.2d 236, 240 (8th Cir. 1977).  In fact, in similar situations courts have explained that "without information concerning [Plaintiff's] alleged injury and damages, [Defendants] could not be expected to adequately prepare their case for trial."  *Id.* at 241.  Plaintiff should be compelled to adequately answer the interrogatory.

**REQUEST FOR PRODUCTION NO. 22:** Produce copies of any documents, medical or

psychiatric records in your possession, which support your allegation that you have suffered injury, including stress and/or mental anguish.

**RESPONSE**: This Request seeks documents that are irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence.  As such, Plaintiff will not be providing the requested documents at this time.

11.     Again, Plaintiff's treatment in connection with any alleged stress or mental anguish makes up her entire claim for actual damages, so this information is directly relevant to the costs she hopes to recover from Scott.  Plaintiff also hopes to recover mental anguish damages as a significant portion of her total damages.  Scott needs this information to make settlement offers.  Scott should be given an idea of what Plaintiff hopes to recover if she prevails.  It is also properly discoverable information regarding the interests and incentives of the parties involved.  In similar situations, courts have explained that "without information concerning [Plaintiff's] alleged injury and damages, [Defendants] could not be expected to adequately prepare their case for trial."  *Id.* at 241.   Plaintiff should be compelled to answer the interrogatory without objection.

### III.

### CONCLUSION

12.     WHEREFORE, PREMISES CONSIDERED, Defendant Credit Management, LP, respectfully requests that the Court Compel Plaintiff to provide the requested documents and for such other and further relief as it may show itself justly entitled.

Respectfully submitted,

**ROBBIE MALONE, PLLC**


/s/Robbie Malone
ROBBIE MALONE
State Bar No. 12876450
JACOB C. BOSWELL
State Bar No. 24061269
Northpark Central, Suite 1850
8750 North Central Expressway
Dallas, Texas 75231
(214) 346-2625
(214) 346-2631 FAX
E-mail: rmalone@rmalonelaw.com

ATTORNEY FOR DEFENDANT


## CERTIFICATE OF CONFERENCE

Counsel for Defendant has engaged in good faith negotiations with the attorney for Plaintiff to determine whether there was opposition to this motion.  After such negotiations, Plaintiff's counsel is opposed. It is therefore submitted to the Court for consideration.

/s/Robbie Malone


## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been forwarded via ECF on this 2nd day of June, 2011 to:

Michael S. Agruss
Krohn & Moss, Ltd.
10474 Santa Monica Blvd., Ste. 401
Los Angeles, CA 90025

/s/Robbie Malone