UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ROSA HERNANDEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | **Case No.: 5:10-cv-01051 -OLG** |
| | § | |
| MICHAEL J. SCOTT, P.C., | § | |
| | § | |
| Defendant. | § | |
| | § | |

**PLAINTIFF'S RESPONSE TO
DEFENDANT'S MOTION TO COMPEL DISCOVERY RESPONSES**

COMES NOW, Plaintiff, ROSA HERNANDEZ ("Plaintiff"), through her attorneys, Krohn & Moss, Ltd., and files her Response to Defendant's, MICHAEL J. SCOTT, P.C. ("Defendant"), Motion to Compel Discovery Responses ("Motion").

## I.   INTRODUCTION

On December 28, 2010, Plaintiff filed her Verified Complaint against Defendant, alleging Defendant violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*. *See* Plaintiff's Complaint; Document No. 1. Specifically, Plaintiff alleged the following:

> 10.   Defendant is attempting to collect a debt from Plaintiff on behalf of the original creditor, Capital One Bank (USA), N.A., with an account number ending in 4315 (Defendant's File Number 90370).
> 11.   Plaintiff's alleged debt owed to Capital One Bank (USA), N.A., arises from transactions for personal, family, and household purposes.
> 12.   On October 27, 2009, Plaintiff faxed a cease and desist letter to Defendant (Plaintiff's letter to Defendant and the fax confirmation are attached as Group Exhibit A).
> 13.   On October 27, 2009, Plaintiff faxed a notice of representation letters to Defendant (Plaintiff's letter to

           Defendant and the fax confirmation are attached as Group Exhibit A).
14. Despite receiving Plaintiff's letter (Exhibit A), Defendant communicated with Plaintiff after October 27, 2009, in an attempt to collect a debt (Defendant's letter to Plaintiff dated October 10, 2010, is attached as Exhibit B).

*Id.* at ¶¶ 10-14. As a result of these unlawful conduct, Defendant violated sections 1692c(a)(2), and 1692c(c) of the FDCPA. *Id.* at ¶¶ 15. On January 25, 2011, Defendant filed its Answer. *See* Defendant's Answer; Document No. 4. The parties are conducting discovery in this case. On June 2, 2011, Defendant filed this instant Motion to Compel Discovery Responses. *See* Document No. 8.

In its Motion, Defendant erroneously seeks to compel discovery to its Requests for Production Nos. 11, 19, 20, 21, and 22:

> **DOCUMENT REQUEST NO. 11:** Produce all documents reflecting attorneys' fees, costs, fee agreements, engagement letters, billing records and/or invoices, from the attorneys representing you in this case, for which you are seeking compensation.
>
> **RESPONSE TO DOCUMENT REQUEST NO. 11:** Objection. Plaintiff's attorney's fees and costs are not at issue until Plaintiff prevails in this action. As such, this request seeking the same is premature at this time. Plaintiff further objects to this Request to the extent it seeks documents that may be subject to the attorney-client privilege and/or the work-product doctrine. Additionally, this Request seeks documents that are irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence. As such, Plaintiff will not be providing the requested documents at this time.
>
> \*    \*    \*
>
> **DOCUMENT REQUEST NO. 19:** Produce all documents reflecting attorneys fees, costs, fee agreements, engagement letters, billing records and/or invoices, from the attorneys representing you in state court lawsuit styled, "Cause No. 20428; LVNV Funding, LLC. vs. Rosa M. Hernandez"
>
> **RESPONSE TO DOCUMENT REQUEST NO. 19:** Plaintiff objects to this Request to the extent it seeks documents that may be subject to the attorney-client privilege and/or the work-product doctrine. Additionally, this Request seeks documents that are

irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence. As such, Plaintiff will not be providing the requested documents at this time.

*   *   *

**DOCUMENT REQUEST NO. 20:** Produce all documents reflecting attorneys' fees, costs, fee agreements, engagement letters, billing records and/or invoices, from the attorneys representing you from Debt Counsel for Seniors & the Disabled (DCSD).

**RESPONSE TO DOCUMENT REQUEST NO. 20:** Plaintiff objects to this Request to the extent it seeks documents that may be subject to the attorney-client privilege and/or the work-product doctrine. Additionally, this Request seeks documents that are irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence. As such, Plaintiff will not be providing the requested documents at this time.

**DOCUMENT REQUEST NO. 21:** Produce copies of all documents in your possession from all present and former doctors seen within the last five (5) years.

**RESPONSE TO DOCUMENT REQUEST NO. 21:** This Request seeks documents that are irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence. As such, Plaintiff will not be providing the requested documents at this time.

**DOCUMENT REQUEST NO. 22:** Produce copies of any documents, medical or psychiatric records in your possession, which support your allegation that you have suffered injury, including stress and/or mental anguish.

**RESPONSE TO DOCUMENT REQUEST NO. 22:** This Request seeks documents that are irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence. As such, Plaintiff will not be providing the requested documents at this time.

Defendant's Motion at ¶¶ 4, 5, 7, 9, and 10. As discussed *infra*, however, Defendant's Motion is clearly without merit, and thus, should be denied.

**II.    LEGAL STANDARD**

Defendant's Requests for Production, and Plaintiff's Responses to the same are governed by Federal Rules of Civil Procedure 34 and 37.  "Federal Rule of Civil Procedure 34 provides for the discovery of documents and tangible items. A party seeking discovery must serve a request for production on the party believed to be in the possession, custody, or control of the documents or other evidence." *Ledbetter v. United States*, 1996 WL 739036 (N.D. Tex. 1996) *citing* Fed. R. Civ. P. 34(a). Furthermore "[t]he request is to be in writing and must set forth the desired items with 'reasonable particularity.'" *Id. citing* Fed. R. Civ. P. 34(b).  Once the requests for production are properly served on a party, "[t]he party served with a request for production must serve a written response within 30 days of service, either agreeing to comply with the request **or raising a specific objection to the request**." *Id. citing* Fed. R. Civ. P. 34(b) (emphasis added).  "If necessary, a party may file a motion to compel compliance with a Rule 34 production request…." *Id. citing* Fed. R. Civ. P. 37(a)(2)(B). "Federal Rule of Civil Procedure 37 sets forth an enforcement mechanism whereby the court may order production." *Id. citing generally* Fed. R. Civ. P. 37.  However, there is a limitation on what is discoverable under the Federal Rules.  Federal Rules of Civil Procedure 26(b)(1) allows the parties to "obtain discovery regarding any matter, **not privileged, which is relevant** to the subject matter involved in the pending action…." *Id. citing* Fed. R. Civ. P. 26(b)(1) (emphasis added).

**III.   ARGUMENT**

Defendant provides no authority for its conclusory contention that it's Requests for Production Nos. 11, 19, and 20 are relevant because Plaintiff "has [allegedly] put attorney's fees, along with the fee agreements and billing records, at issue in this case." Defendant's Motion at ¶ 5, 6, and 9.  Furthermore, Defendant fails to recognize that Plaintiff has never alleged actual damages

in this case, making its Requests for Production Nos. 21 and 22 entirely irrelevant and illogical. As discussed *infra*, Defendant's instant Motion is completely baseless, and thus, should be denied.

### A. Defendant Provides No Authority to Support Its Conclusory Assertion That Plaintiff's Attorney's Fees and Costs are Discoverable.

Aside from generally citing to cases discussing the purpose of conducting discovery, Defendant fails to cite to a single authority in support of its position that Plaintiff's attorney's fees and costs are relevant and discoverable at this stage of litigation. *See generally* Defendant's Motion. Instead, common sense and the applicable law show that this information is not relevant at trial and only becomes an issue once Plaintiff **prevails**. *See* 15 U.S.C. § 1692k ("[I]n the case of any **successful** action to enforce the foregoing liability, the cost of the action, together with a reasonable attorney's fee as determined by the court") (emphasis added); *see also Womoczyl v. Mercedes-Benz USA, LLC.*, 2009 WL 3523713 at *2 (E.D. NY 2009) (analyzing a similar fee-shifting provision in the consumer protection law entitled the Magnuson-Moss Warranty Act) ("Plaintiffs' attorneys' fees in the instant case do not become an issue unless and until Plaintiffs **prevail**") (emphasis added); *Pizel v. Monaco Coach Corp.*, 224 F.R.D. 642, 644 (N.D. Ind. 2004) ("Under this statute, a party may only recover fees if he finally **prevails**. There is no guarantee that the parties will ever reach the issue of attorney's fees in this case. **Requiring the parties to spend the time and money it would take in complying with a motion to compel would be fruitless because the issue of the fee agreement is not a material issue at the present time**. **Simply stating that the agreement might aid in settlement discussions does not persuade this Court** that the information sought is in fact relevant."); *Cannon v. Newmar Corp.*, 287 F. Supp. 2d 222, 227 (W.D.N.Y. 2003) ("attorney's fees do not become an issue until plaintiff **prevails**") (emphasis added); *Hussein v. General Motors Corp.*, 715 N.Y.S. 2d 394, 395 (N.Y.A.D. 1 Dept. 2000) ("[T]he documents sought, bearing as they

do solely upon the issue of attorneys' fees, are neither material nor necessary at this early stage of the litigation"). Accordingly, Defendant's demand for information as to Plaintiff's attorney's fees should be denied, and simply stating that it is necessary "information to make settlement offers," should "not persuade this Court that the information sought is in fact relevant." *See* Defendant's Motion at ¶ 5; *Pizel*, 224 F.R.D. at 644.

### B.     Defendant Fails to Understand Plaintiff is Not Seeking Actual Damages.

Defendant appears to be either confused or decided to recycle a brief from another case where the plaintiff, unlike this case, may have alleged actual damages. *See* Defendant's Motion at ¶ 12 (In its Conclusion, Defendant states "Defendant **Credit Management, LP**, respectfully requests," which is clearly the wrong defendant). Plaintiff has never alleged actual damages and Plaintiff repeated informed Defendant's counsel of the same. Yet, Defendant seeks to compel responses to Requests for Production Nos. 21 and 22, which seeks production of documents relating to actual damages. Defendant's mistake or misunderstanding is made evidently clear in its erroneous argument that "Plaintiff's treatment in connection with any alleged stress or mental anguish makes up her **entire claim for actual damages**." *See* Defendant's Motion at ¶ 10 (emphasis added). From the beginning, Plaintiff has only sought statutory damages in this case, and no actual damages. *See* Plaintiff's Complaint. In fact, Plaintiff's Responses to Defendant's Interrogatories make this clear:

> **INTERROGATORY NO. 5:**  State the nature of your **actual damages.**
>
> **RESPONSE TO INTERROGATORY NO. 5:**  Plaintiff is **not** alleging actual damages. *See* Plaintiff's Complaint, attached as Exhibit B, served concurrently with these Responses.

Plaintiff's counsel also reiterated this fact to Defendant's counsel when the parties met and conferred in relation to this instant Motion. It is puzzling how or why Defendant continues to take this clearly

erroneous view that Plaintiff is alleging actual damages in this case. Accordingly, requests for production regarding Plaintiff's unasserted actual damages are clearly irrelevant, and Defendant's motion to compel the production of the same must be denied.

## IV.    CONCLUSION

Defendant has not come close to supporting its conclusory assertion that Plaintiff's attorney's fees and costs are discoverable at this stage of litigation, where Plaintiff has yet to be deemed the prevailing party. Moreover, Defendant fails to comprehend that Plaintiff is not alleging actual damages in this case. Wherefore, Plaintiff respectfully requests that Defendant's Motion to Compel Discovery Responses be denied in its entirety.

Dated:  June 13, 2011                    RESPECTFULLY SUBMITTED,

KROHN & MOSS, LTD.

By:  /s/ Michael S. Agruss

Michael S. Agruss
KROHN & MOSS, LTD.
10474 Santa Monica Blvd., Suite 401
Los Angeles, CA 90025
Tel: 323-988-2400 x235
Fax: 866-620-2956
magruss@consumerlawcenter.com
Attorneys for Plaintiff,
ROSA HERNANDEZ

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business Address is 10474 Santa Monica Boulevard, Suite 401, Los Angeles, California 90025.

On June 13, 2011, I served the following documents: **PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO COMPEL DISCOVERY RESPONSES**

On the parties listed below:

| | |
|---|---|
| Robbie Malone | Attorney for Defendant |
| Robbie Malone, PLLC | |
| 8750 North Central Expressway, Ste. 1850 | |
| Dallas, TX 75231 | |
| rmalone@rmalonelaw.com | |

By the following means of service:

[X] **BY ELECTRONIC SERVICE:** the documents above were delivered electronically through the Court's ECF/PACER electronic filing system, as stipulated by all parties to constitute personal service.

[X] **BY ELECTRONIC MAIL:** I transmitted the document(s) listed above electronically to the e-mail addresses listed above. I am readily familiar with the firm's Microsoft Outlook e-mail system, and the transmission was reported as complete, without error.

[X] **BY MAIL:** I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid. I am readily familiar with the firm's practice for collection and processing correspondence for mailing. Under that practice, this document will be deposited with the U.S. Postal Service on this date with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[X] **FEDERAL:** I declare under penalty of perjury under the laws of California that the above is true and correct.

Executed on June 13, 2011, at Los Angeles, California.

By: /s/ Michael S. Agruss

Michael S. Agruss