UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ROSA HERNANDEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| MICHAEL J. SCOTT, P.C., | § | SA-10-CV-1051 OG (NN) |
| | § | |
| Defendant. | § | |

## ORDER GRANTING MOTION TO COMPEL (DOCKET ENTRY 8)

The matter before the court is defendant's motion to compel plaintiff to respond to several requests for production (docket entry 8). Also before the court is the response to the motion and reply to the response (docket entries 10 and 13).

The motion arises in the context of a case alleging a violation of the Fair Debt Collection Practices Act. Plaintiff has requested attorneys fees to which she is entitled if she prevails. Defendant propounded requests for production of documents evidencing attorneys fees, fee agreements, billing records and other related documents in this case and a related state court case. Plaintiff objects to the discovery arguing that this information is not relevant unless and until she prevails on her FDCPA claim.

Federal Rule of Civil Procedure 26(b)(1) includes a broad definition of relevancy.

Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense — including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court

may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Items which are required to be produced through initial disclosures at a very early stage of the case include a computation of damages, including the documents on which those calculations are based.

Clearly the information requested through requests for production 11, 19 and 20 is relevant to plaintiff's claim and is discoverable now. The logical extension of plaintiff's argument would mean that discovery related to damages calculations would never be permissible until after defendant's liability were established. No authorities support such a limited reading of relevance and scope of permissible discovery. Had plaintiff proffered that responding to the discovery presented an unreasonable burden, the court might use its authority under Rule 26(c) to delay plaintiff's duty to respond to the production request, but that is not the situation here. The information sought through these production requests will enable defendant to assess its total liability if plaintiff prevails on her claim, which encourages "the just, speedy, and inexpensive determination" of this dispute.[1] Plaintiff's objections to the discovery are overruled.

Defendant's motion also sought an order to compel responses to requests for production relating to plaintiff's medical records. Plaintiff responded to the motion clarifying that she does not make a claim for actual damages and therefore the information sought was not relevant or discoverable. Defendant's reply did not address this issue and accordingly the court will assume that defendant abandons its request to compel these records.

Accordingly it is ordered that the motion to compel (docket entry 8) is GRANTED as to Requests for Production 11, 19 and 20, and plaintiff is ORDERED to respond to those requests no

---

[1]F.R.Civ.P. 1.

later than 14 days from date of this Order.

**SIGNED** on July 1, 2011.

_____
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE