# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **Rosa Hernandez,** | § | |
| | § | |
| **Plaintiff,** | § | |
| **v.** | § | **CIVIL ACTION NO.** |
| | § | |
| **Michael J. Scott, P.C.,** | § | **SA-10-CV-1051 OG (NN)** |
| | § | |
| **Defendant.** | § | |

## REPORT AND RECOMMENDATION

**TO:   Honorable Orlando Garcia**
**United States District Judge**

This report and recommendation addresses defendant Michael J. Scott, P.C.'s (Scott's), motion for summary judgment.[1]  I have jurisdiction to enter this report under the district judge's order of referral[2] and my authority under 28 U.S.C. § 636(b)(1)(B) and Rule 1(d) of the Local Rules for the Assignment of Duties to United States Magistrate Judges.  After considering the motion, I recommend summary judgment in favor of Scott.

**Background of the case**.  Attorney Michael Agruss filed this lawsuit on behalf of plaintiff Rosa Hernandez.  Agruss works for Krohn & Moss Consumer Law Center.

---

[1]Docket entry # 9.

[2]Docket entry # 15.

Krohn & Moss advertises to "offer[] consumer protection involving defective vehicles (Lemon Law), Products (Warranty Law), Consumer Fraud, Violations of Renters Rights, Credit Report discrepancies and lenders and creditors discrepancies."[3]  As an active part of that practice, Agruss has filed hundreds of lawsuits against collection agencies for violating the Fair Debt Collection Practices Act (the Act).  Most of the lawsuits are settled within months of the filing date, followed by an award of attorney fees.  This lawsuit is one of over 600 lawsuits filed by Agruss and one of at least 12 lawsuits Agruss filed against defendant Scott in federal courts in Texas.[4]

    **Nature of the claims**.  Like the plaintiffs in other lawsuits filed by Agruss against Scott, Hernandez alleged Scott violated the Act by communicating with her knowing that she was represented by an attorney and after receiving a cease-and-desist letter.  As relief, Hernandez sought $1,000 in statutory damages and attorney fees.  The complaint is virtually identical to the complaint filed in the Southern District of Texas in Cause No. 7:10-CV-467.  Judge Hinojosa dismissed that case because, as in this case, no evidence raised a fact question about whether the plaintiff was represented by an

---

[3]The firm's home page at http://www.krohnandmoss.com/Home.aspx (last visited Sept. 28, 2011).

[4]The other cases are: 6:11-CV-002-WSS (W.D. Tex.), 6:11-CV-008-LED (E.D. Tex.), 1:10-CV-297-C (N.D. Tex.), 1:10-CV-299-CV (N.D. Tex.), 3:10-CV-2005-F (N.D. Tex.), 3:10-CV-2172-D (N.D. Tex.), 3:10-CV-2536-M (N.D. Tex.), 4:11-CV-202-A (N.D. Tex.), 7:10-CV-467 (S.D. Tex.), 3:11-CV-00083-N (N.D. Tex.) &  3:11-CV-00653-B (N.D. Tex.).

attorney.[5]  Scott has moved for summary judgment.

**Scott is entitled to summary judgment because Hernandez was not represented by an attorney when Scott communicated with her**.  Congress enacted the Act, in part, "to eliminate abusive debt collection practices by debt collectors…."[6]  The Act prevents a debt collector from communicating with a consumer "in connection with the collection of any debt [] if the debt collector knows the consumer is represented by an attorney *with respect to such debt*…."[7]  The inclusion of the italicized language indicates the prohibition applies to representation as to the debt, not as to other legal representation. The Act also prevents a debt collector from communicating with a consumer after the consumer notifies the debt collector "that the consumer wishes the debt collector to cease further communication with the consumer…."[8]

Hernandez's allegation that Scott violated the Act's provisions is based on a letter attorney Jerome S. Lamet sent to Scott about a debt Hernandez owed to Capitol One Bank.  Lamet signed the letter on October 27, 2009, as the supervising attorney for Debt Counsel for Seniors and the Disabled.  In the letter, Lamet stated, "my law firm

---

[5] *See* docket entry # 48, Cause No. 7:10-CV-467 (S.D. Tex. Aug. 15, 2011).  Judge Hinojosa articulated his reasoning on the record.  A transcript of the record is included in this case.  See docket entry # 24.

[6] 15 U.S.C. § 1692c(e).

[7] 15 U.S.C. § 1692c(a)(2) (emphasis added).

[8] 15 U.S.C. § 1692c(c).

represents the above-referenced client(s) for the purpose of enforcing their rights

pursuant to applicable federal statutes."[9]  Lamet then stated, "you must cease

contacting my client(s) pursuant to [the Act]….If and when you violate these statutes, I

will not hesitate to pursue all legal remedies for my client…."[10]  Because Scott later sent

Hernandez a letter offering to settle the debt owed to Capital One Bank,[11] Agruss

argued that Scott violated the Act.

     Both letters are attached to Hernandez's complaint.  The face of the documents

suggests Scott violated the Act's provisions because Lamet's letter notified Scott that

Hernandez was represented by an attorney and Scott's settlement letter shows he

communicated with Hernandez after receiving Lamet's letter.  However, the summary-

judgment evidence shows Scott did not violate the Act because Lamet sent Scott a

second letter between the time Lamet sent the notice-of-representation letter and the

time Scott sent the settlement letter.

     On April 9, 2010, Lament sent a letter stating the following:

> We do not represent the client with regard to this state lawsuit nor shall
> we file an appearance on their behalf.  We will represent them in federal
> court with local counsel should any violations of the [Act] occur.[12]

---

[9]Docket entry # 1, ex. A.

[10]Docket entry # 1, ex. A.

[11]Docket entry # 1, ex. B.

[12]Docket entry # 21, p. MSJ 0016.

The summary-judgment record bears out that promise.  The record includes a default judgment against Hernandez, evidencing that neither Lament nor Debt Counsel for Seniors and the Disabled appeared on Hernandez's behalf in Scott's lawsuit seeking a judgment based on Hernandez's debt.  Lament's second letter shows that neither he nor his law firm represented Hernandez with respect to the debt.

Lamet's second letter shows no fact question exists about Hernandez's first claim—that Scott violated the Act by communicating with her knowing she had an attorney—because the letter shows Hernandez was not represented "by an attorney with respect to [the] debt."  To the extent Agruss disagrees, Hernandez admitted that neither Lamet nor Debt Counsel for Seniors and the Disabled represented her with respect to the debt.[13]

The summary-judgment evidence also shows no fact question exists about Hernandez's second claim—that Scott violated the Act by communicating with Hernandez after Lament sent his first letter—the letter notifying Scott that Hernandez was represented and demanding that Scott cease further communications with Hernandez—because Hernandez was unrepresented.  Even if Hernandez had been represented, the second letter falls within the Act's exceptions.  The Act permits a debt collector to communicate with a consumer after receiving a cease-and-desist letter "to

---

[13]Docket entry # 9, Def. App. 0010.

notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor…."[14]  Scott's letter fell within this exception because the letter advised Hernandez about remedies Capital One Bank could invoke under Texas law and offered to settle the default judgment.[15] Advising Hernandez about Capital One Bank's remedies notified the consumer—Hernandez—that the creditor—Capitol One Bank—may invoke remedies which are ordinarily invoked by a creditor and specified those remedies.  No fact question exists about whether Scott violated the Act by communicating with Hernandez after receiving Lamet's first letter.

Agruss's response to the motion for summary judgment relied in substantial part on Judge Furgeson's order denying Scott's motion for summary judgment in a case filed in the Northern District of Texas.  In that case, Judge Furgeson denied Scott's motion, in part, because the Court could not conclude from the summary judgment record whether Scott knew the plaintiff was represented by counsel and determined that issue was best left to a jury to decide.[16]  This case is different.  Scott provided specific evidence showing that he knew Hernandez was <u>not</u> represented by counsel.  Scott provided

---

[14]15 U.S.C. § 1692c(c).

[15]Docket entry # 1, ex. B.

[16]Docket entry # 20, app'x, order denying defendant's motion for summary judgment in Cause No. 3:10-CV-2005-RF, p. 7.

Lamet's second letter, stating "We do not represent the client with regard to this state lawsuit nor shall we file an appearance on their behalf."  As Judge Hinojosa articulated on the record in another case against Scott, Lamet's letter "clearly state[d] we don't represent her on this debt."[17]  Judge Hinojosa reasoned that Lamet's second letter—stating Lamet did not represent the plaintiff—superceded the first letter—the cease-and-desist letter.[18]  The second letter shows Hernandez was not represented by counsel with respect to the debt Scott sought to collect.[19]  Because Hernandez was not represented as to the debt, Scott is entitled to summary judgment on Hernandez's claim.

**Whether Agruss should be sanctioned for filing a case without a legal basis**.

Under Rule 11, an attorney certifies that he presents claims warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law.[20]  Agruss violated Rule 11 by filing this case knowing Hernandez

---

[17]Docket entry # 24, p. 8 .

[18]Docket entry # 24, p. 12.

[19]*Accord* docket entry # 24, p. 18 (Judge Hinojosa: "There is no way that this Defendant could possibl[y] have known that they were on notice based on the letter that has just been sent saying we don't represent her on the state court action.  We're not accepting any kind of service or anything else with regards to this.…[T]here is no way  based on this record that Mr. Scott could have known that [the plaintiff] was being represented by an[] attorney with regards to the underlying debt here.").

[20]Fed. R. Civ. P. 11(b)(2).

was not represented with respect to her debt to Capitol One Bank.

Agruss's practice of filing meritless lawsuits under the Act is described in documents of record in Cause No. 6:11-CV-002-WSS filed in the Waco Division of the Western District of Texas. Agruss filed a very similar complaint in that case. However, instead of attaching Lamet's notice-of-representation letter to the complaint, Agruss attached Lamet's second letter in which he stated that he did not represent the plaintiff in the state court lawsuit to collect the plaintiff's debt.[21] Scott moved for summary judgment based on the letter attached to the complaint. Instead of responding to the motion, Agruss moved to dismiss the case and to quash his client's deposition.[22] Judge Smith granted the motion, but retained jurisdiction to consider whether Agruss should be sanctioned and whether Scott should be awarded attorney fees.[23] In his motion for sanctions, Scott described what occurs in Agruss's cases:

> Mr. Agruss[] has filed at least ten (10) other similar lawsuits against Scott based on Mr. Lamet's "notice of representation" letters. However, the difference in most of these cases and the one before the Court is that Mr. Agruss normally attaches Mr. Lamet's initial letter from one of his law firms, Debt Counsel for Seniors and the Disabled, stating that he represents the debtor and that Scott should stop contacting them. It is only after conducting some discovery that it is revealed that Mr. Lamet and his firm do not actually represent the debtor on the debt, returning

---

[21] *See* Cause No. 6:11-CV-002-WSS, docket entry # 21, app'x Def. App. 006.

[22] *See* Cause No. 6:11-CV-002-WSS, docket entry # 13.

[23] Cause No. 6:11-CV-002-WSS, docket entry # 19, p. 4 n. 2.

the lawsuit papers to Scott with the same letter attached to Plaintiff's complaint.…Mr. Agruss hopes the cases settle before reaching this discovery.  In the present case, it appears Mr. Agruss got careless with which letter he was attaching to the complaint and inadvertently revealed his hand at the outset.[24]

Judge Smith has not ruled on Scott's motion for sanctions.

In Cause No. 10-CV-467 filed in the Southern District of Texas, Judge Hinojosa characterized Lamet's letters and Agruss's response as entrapment.[25]  Judge Hinojosa opined that Congress did not envision an attorney representing a debtor to enforce the Act and collecting $1,000 in statutory damages and attorney fees, without protecting the client from a default judgment on the underlying debt.[26]  Considering the Act was enacted to protect debtors from abusive debt collection practices by debt collectors,[27] Judge Hinojosa lamented, "there is no protection for this poor Plaintiff here—none.…And so, really nobody's watching out for her at this point other than I guess me and trying to really read the [A]ct the way it's suppose[d] to be read."[28]  Judge

---

[24]Cause No. 6:11-CV-002-WSS, docket entry # 21, p. 7 (citations omitted).

[25]Docket entry # 24, pp. 5-6 & 14-16.

[26]Docket entry 24, pp. 14-15.

[27]*See* 15 U.S.C. § 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.").

[28]Docket entry # 24, pp. 16-17.

Hinojosa's characterization applies with equal force to this case.

No reasonable basis in law or fact supported this case from the beginning.  If not for Agruss's mistake, Scott would have likely settled this lawsuit to minimize litigation costs, despite having not violated the Act.  In Cause No. 1:10-CV-299-C filed in the Northern District of Texas, Scott settled the issue of statutory damages, but not Agruss's attorney fees.  In considering Agruss's motion for attorney fees, Judge Cummings found Agruss sought excessive attorney fees, as well as charges unrelated to work done on the plaintiff's behalf.  Judge Cummings awarded 48% of the amount Agruss sought.[29]  Notably, Agruss resisted the discovery on his attorney fees in the case before this Court, as he has in other similar cases.[30]

The foregoing discussion indicates Agruss filed this case knowing no legal basis existed for a claim.  Agruss should be directed to show cause why he should not be sanctioned for filing a case that is not warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law.

**Recommendation**.  I recommend the following:

---

[29] *See* Cause No. 1:10-CV-299-C, docket entry # 14 (N.D. Tex. July 1, 2011).  In  Cause No. 6:11-CV-008-LED, U.S. Magistrate Judge Guthrie awarded 50% of what Agruss sought.  In Cause No. 3:10-CV-2536-M, Judge Lynn awarded 46% of what Agruss sought.

[30] Docket entry # 10.  *See also* Cause No. 6:11-CV-002-WSS (W.D. Tex.), docket entry # 10 & Cause No. 3:10-CV-2005-F (N.D. Tex.), docket entry # 21.

(1) grant Scott's motion for summary judgment (docket entry # 9),

(2) enter summary judgment in favor of Scott, and

(3) direct Agruss to show cause why he should not be sanctioned for violating Rule 11.

If the these recommendations are accepted, I recommend directing the Clerk to send a copy of this report and the Order accepting same to the district judges assigned to the other pending cases alleging violations of the Act filed by Agruss.[31]

**Instructions for Service and Notice of Right to Object/Appeal**.  The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this report and recommendation must be filed within 14 days after being served with a copy of same, unless this time period is modified by the district court.[32]  Such party shall file the objections with the clerk of the court, and serve the objections on all other parties.  A party filing objections must specifically identify those findings, conclusions or

---

[31] The other pending cases are Cause Nos. 06:11-CV-002-WSS (W.D. Tex.), 3:11-CV-083-N (N.D. Tex.), and 1:10-CV-297-C (N.D. Tex.).

[32] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.[33]  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.

     **SIGNED** on September 30, 2011.


NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[33] *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Acuña v. Brown & Root*, 200 F.3d 335, 340 (5th Cir. 2000).

12